DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 2013-31 |
| | ) | |
| JOELVIS ACOSTA LIZ, ISA NOEL, | ) | |
| KIRSTEN ALEXANDER, EDISSON | ) | |
| PEGUERO ORTIZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ATTORNEYS:**

**Jocelyn Hewlett, Acting United States Attorney**
**Meredith Jean Edwards, AUSA**
Office of the United States Attorney
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Joelvis Acosta Liz*,

**Carl R. Williams**
Smith, Williams, PLLC
St. Thomas, U.S.V.I.
    *For Isa Noel,*

**David J. Cattie**
Ogletree, Deakins, Nash, Smoack & Stewart LLC
St. Thomas, U.S.V.I.
    *For Kirsten Alexander*,

**Pedro K. Williams**
Law Office of Pedro K. Williams
St. Thomas, U.S.V.I.
    *For Edisson Peguero Ortiz.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Isa Noel for a new trial.

## I.  FACTUAL AND PROCEDURAL HISTORY

On June 19, 2013, the Grand Jury returned an indictment charging Isa Noel ("Noel") with one count of Conspiracy to Possess with Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841 and 846; and two counts of Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. § 841. On August 20, 2013, the Grand Jury returned a superseding indictment charging Noel with the same offenses.

On November 12, 2013, the Court selected the jury for the trial of this matter. During *voir dire*, Noel was present and introduced to the prospective jurors. The Court then asked the prospective jurors if they had "read or heard anything about this case." ECF No. 172 at 13. There was no response. The Court also asked the prospective jurors if any juror, or "a close friend, or a close relative [of a juror had] been involved in the criminal justice system." *Id.* Juror No. 11[1] responded in the

---

[1] Before being selected to sit on the jury panel, this juror was identified as Juror No. 75. After selection, the juror was identified as Juror No. 11. For consistency, the Court will refer to this juror as Juror No. 11 in this order.

affirmative. At sidebar, the following exchange took place with Juror No. 11:

> THE COURT: Okay. You raised your card in response to the question about being involved in the criminal justice system. Tell us why.
>
> JUROR MEMBER: I worked 26 years as a correction officer and I been involved in making the arrests and support and all that stuff.
>
> THE COURT: Were you involved in any arrest in this case?
>
> JUROR MEMBER: No.
>
> THE COURT: All right. You're currently employed by whom?
>
> JUROR MEMBER: I'm retired now but I have a contract with the U.S. Marshal's office.
>
> THE COURT: All right. Is there anything in that experience that would prevent you from following my instructions on the law?
>
> JUROR MEMBER: No, sir.
>
> THE COURT: Is there anything in that experience that would prevent you from listening to the evidence in this case fairly and impartially?
>
> JUROR MEMBER: No, sir.
>
> THE COURT: All right. Thank you.

*Id.* at 22-23.

Noel moved to strike Juror No. 11 for cause because he "is in law enforcement. Currently a worker for [the] U.S. Marshal's Service" under a contract "[p]roviding security officers." *Id.*

at 32. The position of the United States was "that [Juror No. 11] also indicated he had no dealings with these particular defendants in this case." *Id.* The Court denied Noel's motion to strike, and Juror No. 11 was selected for the jury panel.

On November 14, 2013, the jury found Noel guilty of each charged count. On April 17, 2014, the Court sentenced Noel to 151 months imprisonment.

On June 10, 2015, over a year after judgment was entered, Noel filed a motion for a new trial under Federal Rule of Civil Procedure 33. In that motion, Noel indicates that on May 22, 2015, he subpoenaed from the United States Marshals Service documents related to Juror No. 11's job description and work history. On June 1, 2015, Noel received a job description, work orders, and timesheets from the United States Marshals Service.

The job description explained that Juror No. 11 provided contract services as a "District Security Officer." *See* ECF No. 182, Exh. 2. In that position, Juror No. 11 provided various guard services, including transporting prisoners to and from court and guarding prisoners in court. Juror No. 11's time sheets indicated that he was working for the United States Marshals Services on July 11, 2013, and July 12, 2013.

Noel asserts that

>       On July 11, 2013, on information and belief, Juror
>       [No.] 11, at the direction of the U.S. Marshals
>       Service, applied arm and leg shackles to [Noel] and
>       accompanied [Noel] . . . , in a U.S. Marshals
>       Service van, from the Annex to the District Court
>       of the Virgin Islands. Thereafter, on information
>       and belief, Juror #11 was then present in the
>       Courtroom during the initial appearance of [Noel].
>       At the conclusion of [Noel]'s initial appearance,
>       [Noel] was remanded into the custody of the U.S.
>       Marshals Service, until such time as he could meet
>       the terms of his release. . . . On or about July
>       12, 2013, on information and belief, Juror #11 then
>       applied both arm and leg shackles to [Noel] and
>       accompanied [Noel] in a U.S. Marshals Service van,
>       from the District Court of the Virgin Islands to
>       the "Annex," six miles away.

ECF No. 182 at 6-7(citations omitted).

In light of the failure of the United States to file a timely response to Noel's motion, on May 4, 2016, the Court ordered the United States to respond to Noel's motion for a new trial no later than 3:00 P.M. on May 18, 2016. The United States failed to file a response by that deadline. On August 1, 2016, the Magistrate Judge ordered the United States to show cause why the government should not be sanctioned for failing to comply with the Court's May 4, 2016, order. At a hearing on August 3, 2016, the United States indicated that it had not received notice of the Court's May 4, 2016, order, and that as a result of a technological glitch, the order did not appear in the government's ECF account. Thereafter, the Magistrate ordered the

United States to respond to Noel's motion for a new trial no later than 12:00 P.M. on August 5, 2016.

On August 5, 2016, well over a year after Noel filed his motion for a new trial, the United States filed an opposition to Noel's motion for a new trial. On May 16, 2017, more than nine months after the United States filed its opposition, Noel filed his reply.

## II.  DISCUSSION

Federal Rule of Criminal Procedure 33 ("Rule 33") provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). If a motion for a new trial is "grounded on newly discovered evidence," a defendant must file his motion "within three years after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1). Motions "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(2).

For evidence to qualify as "newly-discovered evidence," the defendant must establish five elements:

> (a) The evidence must be in fact newly discovered, i.e., discovered since trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on

>must not be merely cumulative or impeaching; (d) it
>must be material to the issues involved; and (e) it
>must be such, and of such nature, as that, on a new
>trial, the newly discovered evidence would probably
>produce an acquittal.

*United States v. Schneider*, 801 F.3d 186, 201-02 (3d Cir. 2015) (alterations omitted) (quoting *United States v. Quiles,* 618 F.3d 383, 388-89 (3d Cir.2010)).

### III. ANALYSIS

In *McDonough Power Equip. Inc. v. Greenwood*, 464 U.S. 548 (1984), the United States Supreme Court held that, to prevail on a motion for a new trial because of errors during voir dire, a defendant must show (a) "that a juror failed to answer honestly a material question on voir dire"; and (2) "that a correct response would have provided a valid basis for challenge for cause." *Id.* at 556. "Entitlement to an evidentiary hearing requires a defendant to present 'clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial.'" *United States v. James*, 513 F. App'x 232, 233 (3d Cir. 2013) (quoting *United States v. Stewart*, 433 F.3d 273, 302-03 (2d Cir. 2006)).

"To satisfy the first prong of *McDonough,* a defendant must show that the juror's answer was dishonest, as opposed to merely

'mistaken, though honest.'" *United States v. James*, 513 Fed. App'x 232, 234 (3d Cir. 2013) (quoting *McDonough,* 464 U.S. at 555). In *United States v. Hawkins*, 796 F.3d 843 (8th Cir. 2015) ,a prospective juror, "who was ultimately selected as a member of the jury ('Juror No. 2'), stated that she worked as a tailor at 'Hall's on the Plaza.'" *Id.* at 858. When the trial court identified David Nordquist ("Nordquist") as a potential witness, Juror No. 2 did not indicate that she knew him. *Id.* During trial, Nordquist "testified that he had worked in the Men's Department at Hall's Clothing Company" and knew the defendant as a customer. *Id.* The defendant "briefly cross-examined Nordquist but did not ask whether Nordquist knew any of the jurors. Juror No. 2 also did not indicate whether she knew Nordquist." *Id.*

Following his conviction, the defendant moved for a new trial. *Id.* The defendant "claimed that, after the trial, he realized he knew Juror No. 2 because she worked at Hall's and had performed alterations on some of his suits." The defendant also filed an affidavit from an investigator indicating that Nordquist "claimed that he had known Juror No. 2 for fifteen years, that they had both worked at Hall's for twelve years, and that she would fit and tailor items for customers. However, Nordquist also stated that he was unaware that Juror No. 2

served on the jury." *Id.* The district court denied the motion for a new trial, and the defendant appealed. *Id.* at 858-59.

The Eight Circuit affirmed the denial of the motion for a new trial. *Id.* at 864. The Eighth Circuit explained that, to show entitlement to a new trial for concealed juror bias, a defendant must prove "that the juror answered dishonestly, not just inaccurately." *Id.* at 863-64. Reviewing the record, the Eighth Circuit concluded that the district court did not err in concluding that Juror No. 2 was not dishonest. *Id.* at 865. As the Eighth Circuit explained, "Juror No. 2 freely disclosed that she worked at Hall's." *Id.* Because "Nordquist apparently did not recognize her among the members of the jury, it was reasonable to infer that Juror No. 2 did not lie about her relationship with Nordquist but instead simply did not recognize his name or face." *Id.* Moreover, there was "little, if any, evidence that Juror No. 2 had any reason to lie about her alleged relationship with Nordquist." *Id.*

Similarly, in the instant matter, Juror No. 11 freely admitted that he worked for the United States Marshals on a contracting basis. Juror No. 11 did not respond when the Court asked the panel if anyone had "a relationship by . . . blood, marriage, or business with the defendant, Isa Noel." ECF No. 172

at 12. Juror No. 11 also did not respond when the Court asked the panel if anyone had "read or heard anything about this case." *Id.* at 13. When personally asked whether he was "involved in any arrest in this case," Juror No. 11 responded "No." *Id.* at 22. Assuming that Juror No. 11 interacted with Noel while Juror No. 11 worked as a contract employee with the United States Marshals, it is significant that Noel did not recognize Juror No. 11.[2] In this light, the Court finds it more likely than not that Juror No. 11 did not recognize Noel either. Therefore, even if incorrect, Juror No. 11 honestly responded to the Court's inquiries. *See Hawkins*, 796 F.3d at 864.[3]

The premises considered, it is hereby

**ORDERED** that the motion of Isa Noel for a new trial docketed at ECF Number 182 is **DENIED**.

S\_____
**Curtis V. Gómez**
**District Judge**

---

[2] To the extent Noel did recognize Juror No. 11, his motion for a new trial is not premised on new evidence and is untimely. *See, e.g.*, *States v. Gootee*, 34 F.3d 475, 479 (7th Cir. 1994) (explaining that, when determining whether evidence is newly discovered, the relevant inquiry is into the defendant's "knowledge of the facts, not legal conclusions").

[3] Moreover, the Court is not persuaded that an evidentiary hearing is warranted as Noel has failed "to present 'clear, strong, substantial and incontrovertible evidence that a specific, nonspeculative impropriety has occurred which could have prejudiced the trial.'" *See James*, 513 F. App'x at 233 (quoting *Stewart*, 433 F.3d at 302-03).