DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal Action No. 2013-0031-2 |
| ) | |
| ISA NOEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**Attorneys:**
**Isa Noel**
    *Pro Se*

**Natasha Baker, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Defendant Isa Noel's ("Defendant") "Motion for Modification and Early Termination of Supervised Release Pursuant to 3583(e)(1) and Rule 32.1" ("Motion") (Dkt. No. 251). Defendant asks the Court to "grant a modification" to his sentence and "terminate the remaining term of supervised release" because "he is not a danger to the community o[r] is in danger of reoffending." (Dkt. No. 251 at 3). The Government opposes Defendant's Motion. (Dkt. No. 252).

Defendant was charged via Indictment on September 5, 2013 with conspiracy to possess with intent to distribute five kilograms or more of cocaine and two counts of possession with intent to distribute cocaine. (Dkt. No. 66). The Government describes Defendant's conduct as "conspir[ing] with other defendants to routinely smuggle cocaine through the Cyril E. King Airport," where Defendant "was a supervisor at the airport with special security access" and

"abus[ing] his position by aiding in the smuggling of narcotics through the airport." (Dkt. No. 252 at 1). Defendant was found guilty of all three charges at trial (Dkt. No. 140), and was sentenced on June 23, 2014 to 151 months of imprisonment and five years of supervised release. (Dkt. No. 170).

Defendant began his term of supervised release on August 4, 2023.[1] (Dkt. No. 251 at 2). In support of his request to have his supervised release terminated early, Defendant states that he: (1) did not "walk[] away" from the low security prison camp at which he was imprisoned; (2) is rehabilitated; (3) "worked numerous jobs giving him job skills"; (4) "completed all job tasks in a timely ma[nn]er with zeal," (5) "got along with all inmates and staff"; (6) has been "gainfully employed with The Water and Power Authority since February 16, 2021" and "love[s] his job"; and (7) has "not violated any laws" since being released, "has paid his fines," "reports to his Probation Officer when told to do s[o]," and "has passed all drug test[s]." *Id.* In sum, Defendant states that he "has maintained excellent . . . conduct." *Id.* at 3.

Pursuant to 18 U.S.C. § 3585(e)(1), the Court may, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," terminate a term of supervised release "at any time after the expiration of one year of supervised release" if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." This requires a Court "entertaining a motion for early termination of supervised release" to consider the following sentencing factors:

> (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing

---

[1] Prior to commencing his supervised release, Defendant was on release under the Bureau of Prisons Federal Location Monitoring program from May 28, 2020 through August 4, 2023.

> range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

*United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *see also* 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7)).  As the Government correctly notes, the court has discretion to consider a wide range of circumstances and is not required to make specific findings of fact as to the relevant statutory factors.  *Melvin*, 978 F.3d at 52-53; *see also* Dkt. No. 252 at 2-3.  The burden is on Defendant to establish that he is entitled to the "'rarely granted' early termination of [] supervised release conditions."  *United States v. Magner*, 2025 WL 357734 at *2 (D.V.I. Jan. 31, 2025) (citing *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014)).

The Court has reviewed all of the facts, circumstances and arguments presented by Defendant's Motion.  *United States v. Sheppard*, 17 F.4th 449, 456 (3d Cir. 2021).  As a threshold matter, Defendant has completed over one year of supervised release—the minimum amount of time necessary for consideration of early termination of supervised released.  The Court additionally notes Defendant's "commendable compliance" with his terms of imprisonment and supervised release.  *Magner*, 2025 WL 357734 at *2.  However, "[b]ecause Congress intended supervised release to assist individuals in their transition to community life . . . [t]he fact of compliance may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community."  *Id.* at *3 (citation omitted).  "Given that compliance is expected, compliance alone is insufficient to justify early termination under 18 U.S.C. § 3583(e)."  *Id.*; *see also United States v. Laine*, 404 F. App'x 571, 574 (3d Cir. 2010) ("Simple compliance with the conditions of supervised release are expected and not exceptional[.]").  In his Motion, Defendant does not allege

any conduct or factors beyond mere compliance with the expectations of imprisonment and supervised release that warrant the early termination of Defendant's supervised release.

Further, this District has found that early termination of supervised release "is not warranted" in a case where a defendant conspired with other individuals to traffic cocaine between the U.S. Virgin Islands and the United States mainland. *Magner*, 2025 WL 357734 at *1-2. As in *Magner*, the conduct in the instant case is a grave offense and the Court continues to preside over cases involving this exact conduct. *Id.* at *2. Indeed, as the *Magner* Court noted, "the trafficking of cocaine (and other controlled substances) at our airports continues to be a major societal problem requiring law enforcement agencies to garner resources to combat this illegal flow of drugs." *Id.* at *2. This problem is compounded when the criminal activity is aided by employees at the airport. Even more troubling is when—as here—supervisors with special security access and heightened responsibilities utilize the fact of their employment and special privileges afforded to them as supervisors to commit the offense. Thus, early termination of supervised release under circumstances such as these would send the wrong message regarding the gravity of this offense, and undermine the specific and general deterrence purposes of sentencing. *Id.* at *2.

After careful consideration of the record in this matter, including consideration of the Section 3553 factors, the Court finds that the interest of justice does not warrant early termination of Defendant's supervised release. Accordingly, Defendant's Motion will be denied. Further, because Defendant has completed his term of incarceration, the Court will deny as moot Defendant's "Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. 3582(a), Considering 18 U.S.C. 3553 Factors" (Dkt. No. 230), in which Defendant seeks early release from incarceration.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Defendant Isa Noel's "Motion for Modification and Early Termination of Supervised Release Pursuant to 3583(e)(1) and Rule 32.1" (Dkt. No. 251) is **DENIED**; and it is further

**ORDERED** that Defendant's "Motion to Reduce Sentence Pursuant to First Step Act, 18 U.S.C. 3582(a), Considering 18 U.S.C. 3553 Factors" (Dkt. No. 230) is **DENIED AS MOOT**.

**SO ORDERED.**

Date:   February 16, 2026                                             _____/s/_____
                                                                      WILMA A. LEWIS
                                                                      Senior District Judge